UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Theron Johnny Maxton**, # 140384, | ) C/A No. 0:05-0897-18BD |
| Plaintiff, | ) |
| v. | ) **Report and Recommendation** |
| **T. Byrne**, Doctor at Allendale Correctional Institution;<br>**NFN McFadden**, Nurse at Allendale Correctional Institution;<br>**NFN Broadwater**, Nurse at Allendale Correctional Institution; and<br>**Pom Derrick**, of Allendale Correctional Institution, in their personal and individual capacity, | ) |
| Defendants. | ) |

The plaintiff, Theron Johnny Maxton, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] The plaintiff is an inmate at the Allendale Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

The plaintiff, a so-called "frequent filer" of litigation in this Court, alleges that he has been denied medical treatment for his sinuses and his swelling feet. As discussed below, the complaint is subject to summary dismissal under the Prison Litigation Reform Act, because the plaintiff has

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

not exhausted his available prison remedies as to one claim and states that the other claim has been resolved.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act.  The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2]

*Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

(1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, this § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

First, the plaintiff filed a grievance relating to the swelling of his feet, and appended to the complaint is the Warden's decision relating to the plaintiff's foot problems. The Warden's decision is dated March 10, 2005, and reads as follows:

> Inmate Maxton:
>
> Dr. Byrne has stated he will see you again about your foot problems. As I am not trained in the medical field, I must rely on medical staff to provide adequate medical treatment. I will not tell Dr. Byrne how to treat your medical problem. Your appeal is denied.

(Warden's decision dated March 10, 2005). Significantly, the plaintiff checked the box indicating that he (the plaintiff) accepted the Warden's decision and considered the matter closed. The plaintiff's signature on the Warden's decision form is dated March 11, 2005. Hence, as to the Plaintiff allegedly being denied medical treatment for his swelling feet, this case is moot because the plaintiff's exhibit appended to the complaint (the Warden's decision of March 10, 2005) shows that the matter was resolved and that the plaintiff on March 11, 2005, accepted the Warden's decision and indicated that he (the plaintiff) considered the matter closed. *See* Breeden v. Jackson, 457 F.2d 578, 580 (4th Cir. 1972); and Inmates v. Sheriff Owens, 561 F.2d 560, 562 (4th Cir. 1977). Mootness has been held to be a jurisdictional question in North Carolina v. Rice, 404

3

U.S. 244, 246-247 (1971). Moreover, "[a] case is moot if a litigant's interest in the outcome of the action ceases before judgment." I.D. by W.D. v. Westmoreland School District, 1994 U.S.Dist. LEXIS® 12499, *8-*9, 1994 WESTLAW® 470568 (D.N.H., September 2, 1994), *reconsideration denied*, I.D. by W.D. v. Marston, 1994 U.S.Dist. LEXIS® 17258 (D.N.H., November 30, 1994), *citing* United States Parole Commission v. Geraghty, 445 U.S. 388, 397 (1980). Since the plaintiff has already received what he wanted from the Warden with respect to the grievance for his swelling feet, no action by this federal court is needed.

With respect to Plaintiff's other claim, the plaintiff has not filed a grievance relating to treatment for his sinuses. It is well known from the court's approval of the SCDC Grievance Procedure in 1996 that medical claims are grievable, and since the plaintiff has not filed a grievance with regard to medical treatment for his sinuses, this claim is subject to summary dismissal for failure to exhaust prison remedies. *See* 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; Porter v. Nussle, 534 U.S. 516, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and Higginbottom v. Carter, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000).

In orders filed on May 9, 1996, this court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996). In order to exhaust his administrative remedies, the plaintiff must file a "

4

step 1" grievance with the grievance coordinator at the Evans Correctional Institution. If the plaintiff is dissatisfied with the results of his " step 1" grievance, he can then file an appeal. Such an appeal would be "step 2" of the SCDC grievance procedure.

Furthermore, summary dismissal of the above-captioned case because of non-compliance with the Prison Litigation Reform Act will prevent the plaintiff from needlessly incurring a nondischargeable debt of $150 to the United States. *See* Kahn v. Malinov, 1996 U.S.Dist. LEXIS® 7917, 1996 WESTLAW® 311447 (E.D.Pa., June 6, 1996):

> Notwithstanding the fact that plaintiff has complied with this Court's Order of April 16, 1996, because his recent filing is not in accordance with the [Prison Litigation Reform] Act currently in effect[,] which governs the filing of Applications for Leave to Proceed *In Forma Pauperis*, his Motion for Leave to Proceed *In Forma Pauperis* will be denied without prejudice. In the event plaintiff decides to proceed in the case, he must comply with all provisions of the Act.

Kahn v. Malinov, 1996 WESTLAW® 311447, at *2. *See also* Smith v. Urban, 928 F. Supp. 532, 1996 U.S.Dist. LEXIS® 8142 (E.D.Pa. 1996).

Finally, the above-captioned case (Civil Action No. 0:05-0897-18BD) is also subject to summary dismissal pursuant to the "three strikes" provision of the Prison Litigation Reform Act; Title 28 U.S.C. § 1915(g); which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(28 U.S.C. § 1915(g)).

It can be judicially noticed that the plaintiff has filed more than three prior frivolous cases in this

5

court, which have been deemed strikes.[3]  Hence, in order to proceed without payment of the filing fee and other court costs, the plaintiff must show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[4]  The plaintiff fails to make such a showing in his complaint.

Applying liberal construction to the complaint by viewing the facts alleged for an inference of imminent danger of serious harm, the undersigned finds no such allegations in the above-captioned case.  Even if there had been a denial of medical treatment for the plaintiff's swelling feet between his entry into the Allendale Correctional Institution on November 11, 2004, and the Warden's decision of March 10, 2005, the matter was resolved eight (8) days prior to the date plaintiff delivered these pleadings to prison officials for mailing on March 18, 2005.  *See* Banos v. O'Guin, 144 F.3d 883, 884-885, 1998 U.S.App. LEXIS® 15053 (5th Cir. 1998)(in order to meet the "imminent danger of serious physical injury" exception to the three-strikes rule, the danger alleged must be imminent at the time that the plaintiff files complaint); Malik v. McGinnis, 293 F.3d 559, 562-563, 2002 U.S.App. LEXIS® 10978 (2nd Cir. 2002)(imminent danger exception to three strikes rule applies only when danger of serious physical injury exists at the time the complaint is filed); Ashley v. Dilworth, 147 F.3d 715, 717, 1998 U.S.App. LEXIS® 13020 (8th Cir.

---

[3]A district court may take judicial notice of materials in the court's own files from prior proceedings. *See* United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *See also* United States v. Webber, 396 F.2d 381, 386-387 (3rd Cir. 1968); Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).

[4]A bare unsupported claim by a prisoner that he or she is under imminent danger of serious physical injury will not suffice.  Sufficient factual allegations must be set forth to reach this threshold.  *See* Carson v. Texas Dept. of Criminal Justice-Institutional Division, 1998 U.S.Dist. LEXIS® 20046, at *1, 1998 WESTLAW® 906989, at *1 (N.D. Texas, December 17, 1998)("Plaintiff is simply attempting to tailor his allegations so they will fall within the statutory exception, but his claims are really simply the usual dissatisfactions with prison life[.]").

1998)(allegations that prisoner has faced imminent danger in the past are insufficient to trigger an exception to § 1915(g)). *See also* Report and Recommendation submitted by the undersigned on June 18, 2001, in Maxton v. Ulrich, Civil Action No. 0:01-2552-18BD: "Since the events that placed the petitioner's life in danger happened more than one month prior to the mailing of the pleadings, the petitioner fails to satisfy the requirement of imminent physical harm at the time he mailed his pleadings." (Report and Recommendation filed on June 18, 2001, in Civil Action No. 0:01-2552-18BD, at pages 10-11, *adopted* by The Honorable David C. Norton, United States District Judge, on July 12, 2001). The plaintiff's appeal in Civil Action No. 0:01-2552-18BD (Fourth Circuit Docket No. 01-7198) was dismissed under Rule 45 by the Court of Appeals on September 10, 2001.

Since plaintiff's claims relating to treatment for his feet and sinuses do not fall within the "imminent danger of serious physical injury" exception to the "three strikes" rule, this case is subject to summary dismissal under that rule. *See* 28 U.S.C. § 1915(g). *See also* Witzke v. Hiller, 966 F. Supp. 538, 539, 1997 U.S.Dist. LEXIS® 7180 (E.D.Mich. 1997)(district court may dismiss case *sua sponte* under "three-strikes" provision), *reconsideration denied*, 972 F. Supp. 426, 1997 U.S.Dist. LEXIS® 12968 (E.D.Mich. 1997). *Cf.* In re Sargent (Cox v. Saunders), 136 F.3d 349, 1998 U.S.App. LEXIS® 2059 (4th Cir. 1998), *cert. denied*, Cox v. Sargent, 525 U.S. 854, 1998 U.S. LEXIS® 5389 (1998).[5]

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 &

---

[5]If the plaintiff pays the full filing fee, he is no longer proceeding under 28 U.S.C. § 1915, and subsection (g) would no longer be applicable.

n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the Notice on the next page.

                              Respectfully submitted,

Columbia, South Carolina

April 7, 2005

                              s/ BRISTOW MARCHANT
                              Bristow Marchant
                              United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

# The *Serious Consequences* of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**